**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Marvin Collins, | No. CV-22-01244-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Respondents. | |

    This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) filed on October 22, 2022, and the Report and Recommendation ("R&R") issued by United States Magistrate Judge John Z. Boyle (Doc. 13) on March 17, 2023. Petitioner filed an Objection to the R&R ("Objection") (Doc. 14) on March 24, 2023.

    Petitioner raised four grounds for relief in his Amended Petition. (Doc. 13 at 3). After a thorough analysis, Judge Boyle determined that the Amended Petition was filed after the statute of limitations period expired, that he was not entitled to statutory or equitable tolling. (Doc. 13 at 6). Accordingly, Judge Boyle recommends the Amended Petition be denied and dismissed with prejudice. (*Id.*)

**I.    Standard of Review**

    The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (2003) (same).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

## II.     Background

The Magistrate Judge set forth the full procedural background of this case in the R&R.  (Doc. 26 at 1–4).  The Court need not repeat that information here.  Moreover, Petitioner has not objected to any of the information in the background section.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (nothing the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection").

## III.    Petitioner's Objection

Petitioner's Objection reiterates many of the merit-based arguments he advances in his Amended Petition.  Judge Boyle, however, did not reach the merits of Petitioner's claims because he found the Amended Petition was untimely.  (Doc. 13 at 4–7). *See also White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002) (whether a federal habeas petition is time-barred must be resolved before considering other procedural issues or the merits of any habeas claim).  Petitioner's merit arguments therefore are not objections the Court is obligated to review under the Federal Magistrates Act.  *Thomas*, 474 U.S. at 150 (where there is no objection to a magistrate's factual and legal determinations, the district court need not review the decision "under a *de novo* or any other standard").  Moreover, the Court agrees with Judge Boyle that Petitioner's Amended Petition is untimely, and thus also does not reach Petitioner's merit-based arguments.

Petitioner also does not object to the factual basis from which Judge Boyle calculated Petitioner's applicable statute of limitations and filing deadlines.  Pursuant to the authorities cited above, the Court is also not obligated to review these findings.  Nonetheless, the Court has reviewed these conclusions and agrees with Judge Boyle as to their accuracy.

As to the remainder of the Petitioner's objections, the Court finds Petitioner has not triggered *de novo* review because they lack the requisite specificity.  Indeed, Petitioner does not object to any specific portion of Judge Boyle's analysis at all. Instead, as noted, he reiterates the arguments he advances in his Amended Petition. Because Petitioner has not articulated what, if any, objectionable findings the Magistrate Judge did make as to his claims, the Court lacks any meaningful basis for review.  His failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object.  *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. July 6, 2006)) ("Because *de novo* review of an entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object."); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).  *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation. . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).  If this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R&R.  *See id*.

Although the Court could simply accept the R&R based upon this case law, it did not.  The Court reviewed the R&R, some of the many various exhibits referenced therein, and the applicable law.   Judge Boyle's analysis and recommendations are sound and the Court adopts them in their entirety.

**IV.	Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Boyle's R&R (Doc. 13) is **accepted** and **adopted** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 19th day of October, 2023.

Honorable Diane J. Humetewa
United States District Judge